UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
JAMES WHITING,                                          Case No. 16 CV 534
                Plaintiff,

    -against-                                              **COMPLAINT**

THE CITY OF NEW YORK, P.O. STACEY                       **JURY DEMAND**
WEINSTEIN [SHIELD # 15519], SERGEANT
ISAAC ACEVEDO [SHIELD # 223], JOHN
DOE and JANE DOE #1-5 (the names John and
Jane Doe being fictitious, as the true names
are presently unknown),
                Defendants.
------------------------------------------------------------------------X

Plaintiff, JAMES WHITING, by his attorney, The Law Offices of UGO UZOH, P.C., complaining of the defendants herein, The City of New York, P.O. Stacey Weinstein [Shield # 15519], Sergeant Isaac Acevedo [Shield # 223] and John Doe and Jane Doe #1-5 (collectively, "Defendants"), respectfully alleges as follows:

<u>NATURE OF THE ACTION</u>

1. This is an action at law to redress the deprivation of rights secured to the plaintiff under color of statute, ordinance, regulation, custom, and/or to redress the deprivation of rights, privileges, and immunities secured to the plaintiff by the First, Fourth, Fifth, Sixth, Eight and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. § 1983, and arising under the law and statutes of the City and State of New York.

<u>JURISDICTION</u>

2. The jurisdiction of this Court is invoked pursuant to 42 U.S.C. § 1983, 28 U.S.C. § 1343, 28 U.S.C. § 1331 and 28 U.S.C. § 1367, and under the First, Fourth, Fifth, Sixth, Eight and Fourteenth Amendments to the United States Constitution.

3. As the deprivation of rights complained of herein occurred within the Southern District of New York, venue is proper in this district pursuant to 28 U.S.C. § 1391 (b) and (c).

## THE PARTIES

4. Plaintiff is and was at all times material herein a resident of the United States and the State of New York.

5. Defendant City of New York ("City") is a municipal corporation duly organized and existing under the laws of the State of New York.

6. The City of New York Police Department ("NYPD") is an agency of Defendant City, and all officers referred to herein were at all times relevant to this complaint employees and agents of Defendant City.

7. Defendants P.O. Stacey Weinstein [Shield # 15519], Sergeant Isaac Acevedo [Shield # 223] and John Doe and Jane Doe #1-5 ("defendant officers") were at all times material herein individuals employed by the NYPD. They are named here in their official and individual capacities.

8. At all times material to this Complaint, the aforementioned individual defendants acted toward plaintiff under color of the statutes, ordinances, customs, and usage of the State and City of New York.

## FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

9. On or about February 12, 2015, at approximately 2:00 p.m., defendant officers, acting in concert, arrested the plaintiff without cause at or within the vicinity of 69 5th Avenue, New York, New York, and charged plaintiff with PL 155.25 'Petit larceny', PL 220.03 'Criminal possession of a controlled substance in the seventh degree' and PL 165.40 'Criminal possession of stolen property in the fifth degree'.

10. Plaintiff, however, did not commit any offense against the laws of New York City and/or State for which any arrest may be lawfully made.

11. Prior to the arrest, plaintiff was attending Kanye West's first annual Roc City Classic concert held outside Madison Square Park, across from the Flatiron Building, when he was suddenly accosted and arrested by defendant officers.

12. Defendant officers tightly handcuffed the plaintiff with his hands placed behind his back.

13. Plaintiff complained that the handcuffs were too tight and were cutting into his skin causing him to experience pain and numbness in his arms.

14. Defendant officers refused plaintiff's entreaties to remove or loosen the handcuffs.
15. When plaintiff inquired as to the reason for the arrest, defendant officers forcibly grabbed him and subjected him to an illegal and warrantless search.
16. Defendant officers' illegal and warrantless search of the plaintiff did not yield any contraband.
17. Defendant officers did however seize and/or appropriate to themselves several of plaintiffs' properties including, but not limited to, 3 strips of suboxone prescription medication prescribed by plaintiff's treating physician.
18. Notwithstanding the above, defendant officers forcibly pushed the plaintiff into their police vehicle and transported the plaintiff to NYPD-13th Precinct.
19. Defendant officers detained the plaintiff at the precinct for a lengthy period of time.
20. Because of his medical condition, plaintiff requested medical care and treatment.
21. Defendant officers ignored plaintiff's request for medical care or treatment.
22. Plaintiff also requested food and water.
23. Defendant officers ignored plaintiff's request for food and water.
24. After detaining the plaintiff for a lengthy period of time at NYPD-13th Precinct, plaintiff was transported to the Central Booking to await arraignment.
25. While at the Central Booking, plaintiff's medical condition deteriorated.
26. As a result, plaintiff was transported to the hospital where he was seen and/or treated for his medical condition.
27. Eventually, plaintiff was transported back to the Central Booking to await arraignment.
28. While plaintiff was awaiting arraignment, defendant officers met with prosecutors employed by the New York County District Attorney's Office.

29. During this meeting, defendant officers falsely stated to the prosecutors, among other things, that the plaintiff stole certain property or properties, and was in possession of stolen property or properties and a controlled substance.

30. Based on the false testimony of the defendant officers, the prosecutors initiated criminal actions against the plaintiff.

31. Upon arraignment, plaintiff was released on his own recognizance but was required to return to the criminal court to defend the false charges levied against him by defendant officers.

32. Plaintiff appeared before the criminal court on multiple occasions to defend the false charges levied against him by defendant officers.

33. On or about May 26, 2015, the false charges levied against plaintiff were summarily dismissed.

34. Because of the arrest, plaintiff who resided with his sister at the time of his arrest was kicked out of the house.

35. Additionally, plaintiff who is presently on parole had his parole conditions modified from level 4 to level 2.

36. In addition to other things, plaintiff who used to report to his parole officer 3 times each year is now required to report to his parole officer each week or approximately 52 times per year.

37. That each and every officer who responded to and/or was present at the location of the arrest and/or at the precinct, station house or facility knew and was fully aware that the plaintiff did not commit any crime or offense, and had a realistic opportunity to intervene to prevent the harm detailed above from occurring. Further, each and every officer and/or individual who responded to, had any involvement and/or was present at the location of the assault knew and was fully aware of the assault and had a realistic opportunity to intervene to prevent the serious harm detailed above from occurring.

38. Nonetheless, defendants did absolutely nothing to discourage and prevent the harm detailed above from occurring and failed to protect and ensure the safety of the plaintiff.

39. As a result of the aforesaid actions by defendants, plaintiff suffered and continues to suffer emotional distress, fear, embarrassment, humiliation, shock, discomfort, loss of liberty, loss of rights to familial association, wages and financial losses, pain and damage, and damage to reputation.

FIRST CAUSE OF ACTION: 42 U.S.C. § 1983 - against defendant officers

40. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 39 of this complaint as though fully set forth herein.

41. The conduct of the defendant officers, as described herein, amounted to false arrest, excessive use of force, conspiracy, failure to intervene, unreasonable search and seizure, unlawful stop and frisk, unreasonable detention, deliberate indifference, discrimination, selective enforcement, racial profiling, fabrication of evidence, denial of right to a fair trial, denial of freedom of speech, denial of equal protection of the laws, denial of right to assemble, denial of due process rights and malicious prosecution.

42. Such conduct violated plaintiff's rights under 42 U.S.C. § 1983 and the First, Fourth, Fifth, Sixth, Eight and Fourteenth Amendments to the United States Constitution.

43. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

SECOND CAUSE OF ACTION: FAILURE TO TRAIN/SUPERVISE/DISCIPLINE AND MUNICIPAL POLICY - against defendant City

44. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 43 of this complaint as though fully set forth herein.

45. Defendant City, acting through the New York Police Department, had actual and/or de facto policies, practices, customs and/or usages of failing to properly train, supervise or discipline its police officers concerning correct practices in conducting investigations, the use of force, interviewing of witnesses and informants, assessment of the credibility of witnesses and informants, reasonable search of individuals and/or their properties, the

seizure, voucher and/or release of seized properties, obligation not to promote or condone perjury and/or assist in the prosecution of innocent persons and obligation to effect an arrest only when probable cause exists for such arrest.

46. Additionally, defendant City of New York, acting through Cyrus R. Vance, Jr. and the Office of the District Attorney of the New York County, had actual and/or de facto policies, practices, customs and/or usages of failing to properly train, supervise, and discipline its Assistant District Attorneys and employees concerning correct practices in conducting investigations, interviewing witnesses and informants, assessing the credibility of witnesses and informants, the initiation and/or prosecution of criminal actions, obligation not to promote or condone perjury and/or assist in the prosecution of innocent persons and the duty and/or obligation of candor toward the court.

47. Defendant City, acting through aforesaid NYPD and District Attorney, had actual and/or de facto policies, practices, customs and/or usages of wrongfully arresting, illegally stopping, frisking, searching, seizing, abusing, humiliating, degrading, assaulting, and/or maliciously prosecuting individuals who are members of racial/ethnic minority groups such as plaintiff, who is black, on the pretext that they were involved in narcotics, drugs, guns, robbery and/or other illicit activities.

48. Further, the existence of the aforesaid unconstitutional policies, practices, customs and/or usages may be inferred from repeated occurrences of similar wrongful conduct.

49. In addition to the named individual defendants, several officers of the NYPD assigned to NYPD-13th Precinct -- as the named individual defendants -- routinely make unlawful arrests charging innocent persons with various crimes and/or offenses.

50. Most of the arrests and charges made by officers assigned to NYPD-13th Precinct are usually voided and/or dismissed by prosecutors for lack of evidence.

51. Defendant City has settled numerous lawsuits brought in this district against several officers assigned to the precincts concerning similar arrests and charges as those described herein.

52. Defendant City maintained the above described policies, practices, customs or usages knowing fully well that the policies, practices, customs or usages lead to improper conduct by its police officers and employees. In failing to take any corrective actions, defendant City acted with deliberate indifference, and its failure was a direct and proximate cause of plaintiff's injuries as described herein.

53. The actions of defendants, acting under color of State law, deprived plaintiff of his due process rights, and rights, remedies, privileges, and immunities under the laws and Constitution of the United States, treatise, ordinances, customary international law and norms, custom and usage of a right; in particular, the right to be secure in his person and property, to be free from abuse and the use of force and the right to due process.

54. By these actions, defendants have deprived plaintiff of rights secured by treatise, ordinances, customary international law and norms, custom and usage of a right, and the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983.

THIRD CAUSE OF ACTION: NEW YORK STATE CONSTITUTION, ARTICLE I, §§ 5, 6, 8, 9, 11 & 12 - against defendants

55. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 54 of this complaint as though fully set forth herein.

56. By reason of the foregoing, and by arresting, detaining and imprisoning plaintiff without probable cause or reasonable suspicion, and harassing and assaulting him and depriving him of due process and equal protection of laws, defendants deprived plaintiff of rights, remedies, privileges, and immunities guaranteed to every New Yorker by Article I, § 5 (prohibiting cruel and unusual punishments), Article 1, § 6 (providing for due process), Article 1, § 8 (guaranteeing freedom of speech), Article 1, § 9 (providing for

57. right to assemble), Article 1, § 11 (prohibiting discrimination in civil rights and providing for equal protection of laws) & Article I, § 12 (prohibiting unreasonable searches & seizures) of the New York Constitution.

57. In addition, defendant officers conspired among themselves and conspired with other individuals to deprive plaintiff of his constitutional rights secured by Article I, §§ 5, 6, 8, 9, 11 & 12 of the New York Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

58. Defendant officers acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employments as officers, agents, or employees. Defendant officers' acts were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers. Defendantl officers acted willfully, knowingly, and with the specific intent to deprive plaintiff of his constitutional rights secured by Article I, §§ 5, 6, 8, 9, 11 & 12 of the New York Constitution.

59. Defendants, their officers, agents, servants, and employees were responsible for the deprivation of plaintiff's state constitutional rights.

FOURTH CAUSE OF ACTION: TORTS - against defendant officers

60. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 59 of this complaint as though fully set forth herein.

61. The conduct of the defendant officers, as described herein, amounted to false arrest/imprisonment, unlawful stop and frisk, unreasonable search and seizure, unreasonable detention, assault and battery, conspiracy, negligence, breach of special duty or relationship, defamation, tortuous interference, abuse of power, fraud, replevin, conversion, trespass, negligent and intentional infliction of emotional distress and malicious prosecution.

62. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

FIFTH CAUSE OF ACTION: NEGLIGENT HIRING AND RETENTION OF EMPLOYMENT SERVICES - against defendant City

63. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs 1 through 62 inclusive, with the same force and effect as though more fully set forth at length herein.

64. Upon information and belief, defendant City, through its various agencies and departments including the defendants in this action, owed a duty of care to plaintiff to prevent the physical and mental abuse sustained by plaintiff.

65. Upon information and belief, defendant City, through its various agencies and departments including the defendants in this action, owed a duty of care to plaintiff because under the same or similar circumstances a reasonable, prudent and careful person should have anticipated that an injury to plaintiff or to those in a like situation would probably result from such conduct described herein.

66. Upon information and belief, defendant City knew or should have known through the exercise of reasonable diligence that the individual defendants were not prudent and were potentially dangerous.

67. Upon information and belief, defendant City's negligence in hiring and retaining defendant officers proximately caused plaintiff's injuries.

WHEREFORE, plaintiff respectfully prays judgment as follows:

a. For compensatory damages against all defendants in an amount to be proven at trial;

b. For exemplary and punitive damages against all defendants in an amount to be proven at trial;

c. For costs of suit herein, including plaintiff's reasonable attorney's fees; and;

d. For such other and further relief as the court deems proper.

DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 (b) of the Federal Rules of Civil Procedure, plaintiff demands a trial by jury.

Dated: Brooklyn, New York
      January 25, 2016

                    UGO UZOH, P.C.

                    /s/

                    _____

By:    Ugochukwu Uzoh (UU-9076)
        Attorney for the Plaintiff
        304 Livingston Street, Suite 2R
        Brooklyn, N.Y. 11217
        Tel. No: (718) 874-6045
        Fax No: (718) 576-2685
        Email: u.ugochukwu@yahoo.com