UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
JAMES WHITING,                                                         Case No. 16 CV 534 (NRB)
               Plaintiff,

    -against-                                                          **AMENDED COMPLAINT**

THE CITY OF NEW YORK, P.O. STACEY                        **JURY DEMAND**
WEINSTEIN [SHIELD # 15519], SERGEANT
ISAAC ACEVEDO [SHIELD # 223], P.O.
LEONARDO NIMO [SHIELD # 511],
DETECTIVE MASHUD RAHMAN [SHIELD #
5385], JOHN DOE and JANE DOE #1-3 (the
names John and Jane Doe being fictitious, as
the true names are presently unknown),
               Defendants.
------------------------------------------------------------------------X

Plaintiff, JAMES WHITING, by his attorney, The Law Offices of UGO UZOH, P.C., complaining of the defendants herein, The City of New York, P.O. Stacey Weinstein [Shield # 15519], Sergeant Isaac Acevedo [Shield # 223], P.O. Leonardo Nimo [Shield # 511], Detective Mashud Rahman [Shield # 5385] and John Doe and Jane Doe #1-3 (collectively, "Defendants"), respectfully alleges as follows:

## NATURE OF THE ACTION

1. This is an action at law to redress the deprivation of rights secured to the plaintiff under color of statute, ordinance, regulation, custom, and/or to redress the deprivation of rights, privileges, and immunities secured to the plaintiff by the Fourth, Fifth, Sixth, Eight and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. § 1983, and arising under the law and statutes of the City and State of New York.

## JURISDICTION

2. The jurisdiction of this Court is invoked pursuant to 42 U.S.C. § 1983, 28 U.S.C. § 1343, 28 U.S.C. § 1331 and 28 U.S.C. § 1367, and under the Fourth, Fifth, Sixth, Eight and Fourteenth Amendments to the United States Constitution.

3. As the deprivation of rights complained of herein occurred within the Southern District of New York, venue is proper in this district pursuant to 28 U.S.C. § 1391 (b) and (c).

## THE PARTIES

4. Plaintiff is and was at all times material herein a resident of the United States and the State of New York.

5. Defendant City of New York ("City") is a municipal corporation duly organized and existing under the laws of the State of New York.

6. The City of New York Police Department ("NYPD") is an agency of defendant City, and all officers referred to herein were at all times relevant to this complaint employees and agents of defendant City.

7. Defendant P.O. Stacey Weinstein [Shield # 15519] was at all times material herein a police officer employed by the NYPD. She is named here in her official and individual capacities.

8. Defendant Sergeant Isaac Acevedo [Shield # 223] was at all times material herein a sergeant employed by the NYPD. He is named here in his official and individual capacities.

9. Defendant P.O. Leonardo Nimo [Shield # 511] was at all times material herein a police officer employed by the NYPD. He is named here in his official and individual capacities.

10. Defendant Detective Mashud Rahman [Shield # 5385] was at all times material herein a detective employed by the NYPD. He is named here in his official and individual capacities.

11. Defendants John Doe and Jane Doe #1-3 were at all times material herein individuals and/or officers employed by the NYPD. They are named here in their official and individual capacities.

12. Defendants Weinstein, Acevedo, Nimo, Rahman and John Doe and Jane Doe #1-3 are collectively referred to herein as "defendant officers".

13. At all times material to this Complaint, the defendant officers acted toward plaintiff under color of the statutes, ordinances, customs, and usage of the State and City of New York.

FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

14. On or about February 12, 2015, at approximately 2:00 p.m., defendant officers, acting in concert, arrested the plaintiff without cause at or within the vicinity of 69 5th Avenue, New York, New York, and charged plaintiff with PL 155.25 'Petit larceny', PL 220.03 'Criminal possession of a controlled substance in the seventh degree' and PL 165.40 'Criminal possession of stolen property in the fifth degree'.

15. Plaintiff, however, did not commit any offense against the laws of New York City and/or State for which any arrest may be lawfully made.

16. Prior to the arrest, plaintiff was attending Kanye West's first annual Roc City Classic concert held outside Madison Square Park, across from the Flatiron Building, when he was suddenly accosted and arrested by defendant officers.

17. According to defendant officers, an individual identified by defendants as Stephanie Reid allegedly informed defendants that she at some point observed the plaintiff in the company of another individual who the defendants later identified as one Mr. Blake.

18. Additionally, according to defendant officers, Ms. Reid allegedly informed defendants that at some other point in time she allegedly observed Mr. Blake alone steal certain items from a certain Gap store.

19. At no point did Ms. Reid inform defendants that she observed the plaintiff steal any items or commit any crime.

20. Nonetheless, defendant officers bum-rushed the plaintiff and tightly handcuffed the plaintiff with his hands placed behind his back. *Cf. United States v. Di Re*, 332 U.S. 581, 592-93 (1948) (mere association with a known or suspected criminal or presence at the scene of a crime does not create probable cause).

21. Plaintiff complained that the handcuffs were too tight and were cutting into his skin causing him to experience pain and numbness in his arms.

22. Nonetheless, defendant officers refused plaintiff's entreaties to remove or loosen the handcuffs.

23. When plaintiff inquired as to the reason for the arrest, defendant officers forcibly grabbed him and subjected him to an illegal and warrantless search.

24. Defendant officers' illegal and warrantless search of the plaintiff did not yield any contraband.

25. Defendant officers did however seize and/or appropriate to themselves several of plaintiff's properties including, but not limited to, 3 strips of suboxone prescription medication prescribed by plaintiff's treating physician.

26. Notwithstanding the above, defendant officers forcibly pushed the plaintiff into their police vehicle and transported the plaintiff to NYPD-13th Precinct.

27. Defendant officers detained the plaintiff at the precinct for a lengthy period of time.

28. Because of his medical condition, plaintiff requested medical care and treatment.

29. Defendant officers ignored plaintiff's request for medical care or treatment.

30. Plaintiff also requested food and water.

31. Defendant officers ignored plaintiff's request for food and water.

32. After detaining the plaintiff for a lengthy period of time at NYPD-13th Precinct, plaintiff was transported to the Central Booking to await arraignment.

33. While at the Central Booking, plaintiff's medical condition deteriorated.

34. As a result, plaintiff was transported to the hospital where he was seen and/or treated for his medical condition.

35. Eventually, plaintiff was transported back to the Central Booking to await arraignment.

36. While plaintiff was awaiting arraignment, defendant officers met with prosecutors employed by the New York County District Attorney's Office.

37. During this meeting, defendant officers falsely stated to the prosecutors, among other things, that the plaintiff stole certain property or properties, and was in possession of stolen property or properties and a controlled substance.

38. Based on the false testimony of the defendant officers, the prosecutors initiated criminal actions against the plaintiff.

39. Upon arraignment, plaintiff was released on his own recognizance but was required to return to the criminal court to defend the false charges levied against him by defendant officers.

40. Plaintiff appeared before the criminal court on multiple occasions to defend the false charges levied against him by defendant officers.

41. On or about May 26, 2015, the false charges levied against plaintiff were summarily dismissed.

42. Because of the arrest, plaintiff who resided with his sister at the time of his arrest was kicked out of the house.

43. Additionally, plaintiff who is presently on parole had his parole conditions modified from level 4 to level 2.

44. In addition to other things, plaintiff who used to report to his parole officer 3 times each year is now required to report to his parole officer each week or approximately 52 times per year.

45. That each and every officer who responded to and/or was present at the location of the arrest and/or at the precinct, station house or facility knew and was fully aware that the plaintiff did not commit any crime or offense, and had a realistic opportunity to intervene to prevent the harm detailed above from occurring. Further, each and every officer and/or individual who responded to, had any involvement and/or was present at the location of the assault knew and was fully aware of the assault and had a realistic opportunity to intervene to prevent the serious harm detailed above from occurring.

46. Nonetheless, defendants did absolutely nothing to discourage and prevent the harm detailed above from occurring and failed to protect and ensure the safety of the plaintiff.

47. As a result of the aforesaid actions by defendants, plaintiff suffered and continues to suffer emotional distress, fear, embarrassment, humiliation,

shock, discomfort, loss of liberty, loss of rights to familial association, wages and financial losses, pain and damage, and damage to reputation.

FIRST CAUSE OF ACTION: FALSE ARREST - against defendant officers

48. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 47 of this complaint as though fully set forth herein.

49. The conduct of defendant officers, as described herein, amounted to false arrest.

50. Such conduct violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth, Eight and Fourteenth Amendments to the United States Constitution.

51. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

SECOND CAUSE OF ACTION: EXCESSIVE USE OF FORCE - against defendant officers

52. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 51 of this complaint as though fully set forth herein.

53. The conduct of defendant officers, as described herein, amounted to excessive use of force.

54. Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution.

55. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

THIRD CAUSE OF ACTION: FAILURE TO INTERVENE - against defendant officers

56. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 55 of this complaint as though fully set forth herein.

57. That each and every officer and/or individual who responded to, had any involvement and/or was present at the location of the arrest, assault and/or incident described herein knew and was fully aware that the plaintiff did not commit any crime or offense, and had a realistic opportunity to intervene to prevent the harm detailed above from occurring.

58. Nonetheless, defendant officers did absolutely nothing to discourage and prevent the harm detailed above from occurring and failed to intervene.

59. Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution.

60. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

<u>FOURTH CAUSE OF ACTION: UNREASONABLE DETENTION - against defendant officers</u>

61. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 60 of this complaint as though fully set forth herein.

62. Defendant officers denied the plaintiff his due process rights to be free from continued detention after it was or should have been known that plaintiff was entitled to release.

63. The conduct of defendant officers, as described herein, amounted to unreasonable detention.

64. Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution.

65. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

FIFTH CAUSE OF ACTION: FABRICATION OF EVIDENCE AND DENIAL OF RIGHT TO A FAIR TRIAL - against defendant officers

66. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 65 of this complaint as though fully set forth herein.

67. Defendant officers manufactured evidence of criminality against the plaintiff which the prosecutors relied upon to initiate criminal actions against the plaintiff.

68. The conduct of defendant officers, as described herein, amounted to fabrication of evidence and denial of right to a fair trial.

69. Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution.

70. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

SIXTH CAUSE OF ACTION: UNREASONABLE SEARCH & SEIZURE - against defendant officers

71. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 70 of this complaint as though fully set forth herein.

72. The conduct of defendant officers, as described herein, amounted to unreasonable search & seizure.

73. Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution.

74. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

SEVENTH CAUSE OF ACTION: UNLAWFUL STOP AND FRISK - against defendant officers

75. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 74 of this complaint as though fully set forth herein.

76. The conduct of defendant officers, as described herein, amounted to unlawful stop and frisk.

77. Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution.

78. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

EIGHTH CAUSE OF ACTION: DELIBERATE INDIFFERENCE - against defendant officers

79. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 78 of this complaint as though fully set forth herein.

80. Defendant officers denied plaintiff treatment needed to remedy his serious medical conditions and did so because of their deliberate indifference to plaintiff's need for medical treatment and care.

81. Such conduct described herein violated plaintiff's due process rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution.

82. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

NINTH CAUSE OF ACTION: MALICIOUS PROSECUTION - against defendant officers

83. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 82 of this complaint as though fully set forth herein.

84. The conduct of defendant officers, as described herein, amounted to malicious prosecution.

85. Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution.

86. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

TENTH CAUSE OF ACTION: CONSPIRACY - against defendant officers

87. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 86 of this complaint as though fully set forth herein.

88. In an effort to find fault to use against the plaintiff, who is black, defendant officers met with Ms. Reid and several other individuals and agreed at said meeting to deprive plaintiff of his constitutional rights secured by 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

89. The defendant officers worked in concert with themselves and the other individuals to deprive the plaintiff of his constitutional rights, as described herein, and their conduct amounted to a conspiracy.

90. Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution.

91. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

ELEVENTH CAUSE OF ACTION: FAILURE TO TRAIN/SUPERVISE/DISCIPLINE AND MUNICIPAL POLICY - against defendant City

92. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 91 of this complaint as though fully set forth herein.

93. Defendant City, acting through NYPD, had actual and/or de facto policies, practices, customs and/or usages of failing to properly train, supervise or discipline its police officers concerning correct practices in conducting investigations, the use of force, interviewing of witnesses and informants, assessment of the credibility of witnesses and informants, reasonable search of individuals and/or their properties, the seizure, voucher and/or release of seized properties, obligation not to promote or condone perjury and/or assist in the prosecution of innocent persons and obligation to effect an arrest only when probable cause exists for such arrest.

94. Additionally, defendant City, acting through Cyrus R. Vance, Jr. and the Office of the District Attorney of the New York County, had actual and/or de facto policies, practices, customs and/or usages of failing to properly train, supervise, and discipline its Assistant District Attorneys and employees concerning correct practices in conducting investigations, interviewing witnesses and informants, assessing the credibility of witnesses and informants, the initiation and/or prosecution of criminal actions, obligation not to promote or condone perjury and/or assist in the prosecution of innocent persons and the duty and/or obligation of candor toward the court.

95. Defendant City, acting through aforesaid NYPD and District Attorney, had actual and/or de facto policies, practices, customs and/or usages of wrongfully arresting, illegally stopping, frisking, searching, seizing, abusing, humiliating, degrading and/or maliciously prosecuting individuals who are members of racial/ethnic minority groups such as plaintiff, who is black, on the pretext that they were involved in robbery, narcotics, drugs, guns and/or other illicit activities.

96. Further, the existence of the aforesaid unconstitutional policies, practices, customs and/or usages may be inferred from repeated occurrences of similar wrongful conduct.

97. For example, in *Jones v. City of New York*, 603 Fed. Appx. 13 (2d Cir. 2015), Police Officer David Rodriguez arrested the plaintiff in that matter, Javier Jones, merely because he was allegedly informed that Mr. Jones was

in the company of another individual named Frantz Machon who allegedly did display a weapon.

98. Officer Rodriguez was questioned at his deposition as to whether it is NYPD's policy to charge all members of a group with criminal possession of a weapon when only one group member is alleged to have possessed a firearm.

99. Officer Rodriguez, as the Second Circuit observed, testified that although NYPD "does not have an official policy of charging all members of a group with criminal possession of a weapon when only one group member is alleged to have possessed a firearm, [] 'That is what we do.'" *Jones*, 603 Fed. Appx. at 15.

100. Officer Rodriguez did further elaborate that "It is like an accomplice to the person with the firearm[]" and that "the normal procedure is when you have a situation like this, everyone gets charged with the firearm because we are going off on what the victim said . . . if the victim said that [Machon] had a firearm, that is going to be the charge for everyone."

101. As Mr. Jones successfully argued before the Second Circuit, Officer Rodriguez's testimony shows that he "is unaware that he does not have probable cause to arrest a mere bystander[]" which confirms the fact that "he has not been trained on this issue by the City [and NYPD]."

102. Here, as was true in Jones, the City and the NYPD has failed to train defendant officers and has failed to instill in them the fact that they lack probable cause to arrest a mere bystander or an individual such as the plaintiff who was allegedly observed at some point hanging out with Mr. Blake.

103. Defendant City maintained the above described policies, practices, customs or usages knowing fully well that the policies, practices, customs or usages lead to improper conduct by its police officers and employees. In failing to take any corrective actions, defendant City acted with deliberate indifference, and its failure was a direct and proximate cause of plaintiff's injuries as described herein.

104. The actions of defendants, acting under color of State law, deprived plaintiff of his due process rights, and rights, remedies, privileges, and immunities under the laws and Constitution of the United States, treatise, ordinances, customary international law and norms, custom and usage of a right; in particular, the right to be secure in their person and property, to be free from abuse of process, the excessive use of force and the right to due process.

105. By these actions, defendants have deprived the plaintiff of rights secured by treatise, ordinances, customary international law and norms, custom and usage of a right, and the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983.

WHEREFORE, plaintiff respectfully prays judgment as follows:

 a. For compensatory damages against all defendants in an amount to be proven at trial;

 b. For exemplary and punitive damages against all defendants in an amount to be proven at trial;

 c. For costs of suit herein, including plaintiff's reasonable attorney's fees; and;

 d. For such other and further relief as the court deems proper.

<u>DEMAND FOR TRIAL BY JURY</u>

Pursuant to Rule 38 (b) of the Federal Rules of Civil Procedure, plaintiff demands a trial by jury.

Dated: Brooklyn, New York
   May 4, 2016

         UGO UZOH, P.C.

         /s/

         _____
      By: Ugochukwu Uzoh (UU-9076)
         Attorney for the Plaintiff
         304 Livingston Street, Suite 2R
         Brooklyn, N.Y. 11217
         Tel. No: (718) 874-6045
         Fax No: (718) 576-2685
         Email: u.ugochukwu@yahoo.com